IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JARVAS JAMAL JACKSON, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:14-CV-1244-MHT |
| ) | [WO] |
| SGT. JESSE INGRAM, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

Plaintiff, an inmate incarcerated at the Henry County Jail in Abbeville, Alabama, filed this 42 U.S.C. § 1983 action on December 23, 2014. He complains that Defendant Ingram subjected him to excessive force on October 26, 2014.[1]

On January 9, 2015, the court entered an order procedure directing service of the complaint on Defendant Ingram and directing that he file an answer and written report to Plaintiff's complaint.  Service was attempted on Sergeant Ingram but has not been perfected because he was unknown at the address provided by Plaintiff.  According to the docket, the envelope containing Sergeant Ingram's copy of the complaint and the court's order of procedure was returned to the court on January 22, 2015, marked "Return to Sender; Attempted – Not Known – Unable to Forward." The court entered an order on January 22, 2015, granting Plaintiff an opportunity to furnish the court with the correct address for Defendant Ingram and cautioned him that his failure to comply with the order would result in Defendant Ingram not being served and not being considered a party to the complaint. *See Doc. No. 5*. Plaintiff has filed no response.

---

[1] Plaintiff also named Lieutenant Troy Silva as a defendant. In accordance with the prior proceedings, opinions, and orders of the court, Plaintiff's claims against Defendant Silva were dismissed leaving Defendant Ingram as the sole defendant.  *See Doc. Nos. 6, 11*.

1

If a person has not been served, he is not a party to this lawsuit except in very unusual circumstances. During the proceedings in this case, the court repeatedly advised Plaintiff it is his responsibility to provide the court with the defendant's correct name and address for service, informed him he must monitor the case to ensure that all defendants he named had been served, and cautioned him that failing to perfect service on a defendant would cause the named person not being a party to this case. *See Doc. Nos. 4, 5*.

The Federal Rules of Civil Procedure require that service must be made upon a defendant within 120 days after filing the complaint. Rule 4(m), *Federal Rules of Civil Procedure*. If a defendant is not served within this time limit "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.

The time allowed for effecting service on Defendant Ingram expired on April 22, 2015. The undersigned finds there is nothing before this court which warrants an order granting an extension of the time for service. *See generally Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005). Consequently, Plaintiff's complaint against Sergeant Ingram is subject to dismissal without prejudice as service has not been perfected on this individual in accordance with applicable procedural rules.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendant Ingram be DISMISSED without prejudice for failure to effect service on this individual in accordance with applicable procedural rules; and

2. There being no defendants remaining to this cause of action, this matter be DISMISSED without prejudice.

It is further

ORDERED that **on or before May 15, 2015**, Plaintiff may file an objection to the Recommendation.  Any objection must specifically identify the findings in the Recommendation to which Plaintiff party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982*).  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 1st day of May, 2015.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE